**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1    **Eddie**     **B**      **Eskridge, Jr**
           First Name    Middle Name    Last Name

Debtor 2   **Veraina**            **Boudreaux-Eskridge**
(filing spouse)   First Name    Middle Name    Last Name

Case number: _____

**For amended plans only:**

☐ Check if this amended plan is filed prior to any confirmation hearing.

☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:

_____
_____
_____
_____

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

| Part 1: | Notices |
|---|---|

**To Debtor\*:**   This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

\* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check on box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☒ Included | ☐ Not included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☒ Not included |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☒ Not included |

| Debtor | **Eddie B Eskridge, Jr** | | Case number | |
|---|---|---|---|---|
| | **Veraina Boudreaux-Eskridge** | | | |

---

## Part 2:   Plan Payments and Length of Plan

**2.1**   **The applicable commitment period for the Debtor is** _____**60**_____ **months.**

---

**2.2**   **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the **"Plan Term"**).  The payment schedule shall consist of:

\* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☑   **Constant Payments:**   The Debtor will pay   **$1,670.00**   per month for   **60**   months.

☐   **Variable Payments:**   The Debtor will make variable plan payments throughout the Plan Term.  The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

---

**2.3**   **Mode of Payment.**   Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

☐   Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑   Debtor will make electronic payments through the Trustee's authorized online payment system.

☐   Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐   Debtor will make payments by other direct means only as authorized by motion and separate court order.

---

**2.4**   **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1)   supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2)   remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

---

**2.5**   **Additional payments.**   *[Check one]*

☑   **None.**  *If "None" is checked, the rest of § 2.5 need not be completed.*

---

**2.6**   **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is   **$100,200.00**   which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the **"Plan Base."**

---

## Part 3:   Treatment of Secured Claims

**3.1**   **Post-Petition Home Mortgage Payments.**  *[Check one]*

☐   **No Home Mortgage.**  *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☐   **Home Mortgage Maturing Before or During Plan Term.**  *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4.  The remainder of § 3.1 need not be completed.*

---

| Debtor | **Eddie B Eskridge, Jr** | Case number | |
| | **Veraina Boudreaux-Eskridge** | | |

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort. **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).*** The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

*All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| 1.<br><br>**Dallas Property Tax Office** | **2019-20 Ad Valorem Taxes** | **$0.00**<br><br>Amount inc:<br>☐ Tax Escrow<br>☐ Insurance Escrow<br>☐ Other _____ | _____ |
| 2.<br><br>**Guild Mortgage** | **Homestead** | **$2,083.92**<br><br>Amount inc:<br>☐ Tax Escrow<br>☐ Insurance Escrow<br>☐ Other _____ | |

**3.2   Curing Defaults and Maintenance of Direct Payment Obligations.** *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

☑ **Cure Claims.**   On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan. While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim"). Each listed claims constitutes a separate class. The total amount of each allowed Cure Claim will be paid in full by the Trustee. The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below. No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan. The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

| Debtor | **Eddie B Eskridge, Jr** | Case number | |
| | **Veraina Boudreaux-Eskridge** | | |

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. <br> **Guild Mortgage** <br><br> ☑ Debt Maturing During Plan Term. <br> ☐ Debt Maturing After Completion of Plan Term. <br> ☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | **Homestead** | **$2,083.92** | **$8,900.00** | **0.00%** | **Pro-Rata** | **$8,900.00** |

**3.3    Secured Claims Protected from § 506 Bifurcation.**  *[Check one]*

☐ **None.**  *If "None" is checked, the remainder of § 3.3 need not be completed.*

☑ **910 Claims.**    The claims listed below were either:

   (1)    incurred within 910 days before the Petition Date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

   (2)    incurred within 1 year of the Petition Date and secured by a purchase money security interest in any other thing of value,

and are thus statutorily protected from bifurcation under § 506(a) based on collateral value (a "910 Claim").

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 910 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 910 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c).  Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 910 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan.  Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make pro rata payments if available funds are insufficient to pay all adequate protection payments otherwise due.  Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Each 910 Claim constitutes a separate class.  Each 910 Claim will be paid in full by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate below.  Upon confirmation of this Plan, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each 910 Claim listed below until such time as the allowed amount of each 910 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected 910 Claim amount.

If the automatic stay is terminated as to property securing a 910 Claim treated under this subsection at any time during the Plan Term, the next distribution by the Trustee on such 910 Claim shall be escrowed pending any possible reconsideration of the stay termination.  If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 910 Claim and regular distributions on that 910 Claim shall be reinstituted.  In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 910 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Debtor | **Eddie B Eskridge, Jr** | Case number |
| --- | --- | --- |
| | **Veraina Boudreaux-Eskridge** | |

| Claimant | Collateral Description | Adequate Protection Payment | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
| --- | --- | --- | --- | --- | --- | --- |
| 1.<br>**Ally Financial** | **2018 Infiniti Q70** | **$441.25**<br>Month 1 through | **$38,048.00** | **5.75%** | **$731.16** | **$43,869.58** |
| 2.<br>**Citywide Motors** | **2009 Infiniti Q56 SUV** | **$112.50**<br>Month 1 through | **$4,400.00** | **5.75%** | **$133.36** | **$4,800.91** |
| 3.<br>**Conn Appliances** | **Merchandise** | Month 1 through | **$2,184.00** | **5.75%** | **Pro-Rata** | **$2,571.61** |

**3.4**     **Secured Claims Subject to § 506 Bifurcation.**

*[Check one]*

☐   **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

☑   **Claims Subject to Bifurcation.**    The secured portion of each claim listed below (a "506 Claim") is equivalent to the lesser of: (1) the value of the claimant's interest in the listed collateral or (2) the allowed amount of the claim. Each listed 506 Claim constitutes a separate class. Each 506 Claim will be paid by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. If a 506 Claim is established as an oversecured claim, its holder is entitled to an additional component of pre-confirmation interest calculated at the contract rate and payable for the period from the Petition Date to the earlier of: (1) the Effective Date of the Plan, or (2) the date upon which the aggregate of such interest, plus the allowed amount of the 506 Claim, exceeds the value of the collateral. Such holder is responsible for establishing the oversecured amount and the applicable contract rate by suffiicient evidence that is either satisfactory to the Trustee or otherwise by court order.

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 506 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 506 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 506 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. The Trustee shall apply adequate protection payments first to accrued interest, if applicable, and then to principal. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make pro rata payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Unless the Debtor invokes § 3.10 of this Plan to obtain a final valuation determination at the confirmation hearing regarding any listed 506 Claim, or an agreement with the holder of any listed 506 Claim regarding the value of its collateral is otherwise incorporated into the confirmation order, the value of collateral securing each 506 Claim is not finally determined upon the confirmation of this Plan. Upon confirmation of this Plan, however, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected Collateral Value of each 506 Claim as listed below until such time as the allowed amount of each such 506 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, or the subsequent entry of an order granting a separate motion for valuation of collateral pursuant to § 506 and Bankruptcy Rule 3012, shall control over any projected Collateral Value amount listed below.

Debtor   **Eddie B Eskridge, Jr**   Case number _____
**Veraina Boudreaux-Eskridge**

If the automatic stay is terminated as to the property securing a 506 Claim at any time during the Plan Term, the next distribution by the Trustee on such 506 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 506 Claim and regular distributions on that 506 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 506 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer by treated by the Plan.

| Claimant | Collateral Description | Adequate Protection Payment | Total Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|---|
| 1.<br>**Chrysler Capital** | **2014 Dodge RAM Crew Cab 1500 Sport** | **$289.38**<br>Month 1 through ____ | $28,348.00 | $23,150.00 | 5.75% | $444.87 | $26,692.06 |
| 2.<br>**Nebraska Furniture Mart** | **Desk Chair and Hutch** | Month 1 through ____ | $4,785.00 | $500.00 | 5.75% | Pro-Rata | $588.74 |

**3.5**   **Direct Payment of Secured Claims Not in Default.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6**   **Surrender of Property.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7**   **Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8**   **Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all ad valorem taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9**   **Lien avoidance.**   *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

***The remainder of this subsection will be effective only if the "Included" box is checked in § 1.2 of this Plan.***

***Further, the invocation of this subsection mandates an evidentiary hearing on the "call" docket of the Court at which the Debtor must demonstrate: (1) service of this Plan upon any claimant affected by this subsection in strict compliance with the requirements of Bankruptcy Rule 7004 for service of a summons and a complaint, including service upon any attorney for such claimant listed in the referenced abstract of judgment or other lien identification documents; and (2) an entitlement to the relief sought, including that the claims of exemption relied upon by the Debtor have, in fact, been sustained.***

| Debtor | **Eddie B Eskridge, Jr** | Case number | |
| | **Veraina Boudreaux-Eskridge** | | |

☑ **§ 522(f) Avoidance.**   The judicial liens or nonpossessory, non-purchase money security interests securing the claims listed below impair exemptions to which the Debtor would have been entitled under 11 U.S.C. § 522(b).  Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan.  The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed.  The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim as if set forth in § 3.4 of the Plan.  See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).

*If more than one judicial lien or security interest is to be avoided, provide the information separately for each lien.*

| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | | Column C: Treatment of Remaining 506 Claim |
|---|---|---|---|
| **Lienholder**<br>**Cliff's Check Cashing #15**<br><br><br>**Collateral**<br>**60" Samsung Television and Stereo**<br><br><br>☐ **Judicial Lien**<br>☑ **Non-PMSI**<br>**Lien identification** (if judicial lien, **attach** abstract of judgment.) | a. Amount of lien<br>b. Amount of all other liens<br>c. Value of claimed exemptions<br>d. Total of adding lines a, b, and c<br>e. Value of debtor's interest in property<br>f. Subtract line e from line d.<br><br>Extent of exemption impairment [check applicable box]:<br>☑ **Line f is equal to or greater than line a.**<br>The entire lien is avoided.  [Do not complete Column C]<br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided.  [Complete Column C] | $450.00<br>$0.00<br>$1,600.00<br>$2,050.00<br>$1,600.00<br>$450.00 | **Amount of 506 Claim after avoidance** (line a minus line f)<br><br>_____<br><br>**Plan Interest Rate** _____<br><br>**EMP by Trustee:**<br><br>_____<br><br>**EMP beginning Month** _____<br><br>**EMP ending Month** _____<br><br>**Projected Total Payment by Trustee:**<br><br>_____ |
| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | | Column C: Treatment of Remaining 506 Claim |
| **Lienholder**<br>**Cliff's Check Cashing #15**<br><br><br>**Collateral**<br>**60" Samsung Television and Stereo**<br><br><br>☐ **Judicial Lien**<br>☑ **Non-PMSI**<br>**Lien identification** (if judicial lien, **attach** abstract of judgment.) | a. Amount of lien<br>b. Amount of all other liens<br>c. Value of claimed exemptions<br>d. Total of adding lines a, b, and c<br>e. Value of debtor's interest in property<br>f. Subtract line e from line d.<br><br>Extent of exemption impairment [check applicable box]:<br>☑ **Line f is equal to or greater than line a.**<br>The entire lien is avoided.  [Do not complete Column C]<br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided.  [Complete Column C] | $350.00<br>$0.00<br>$1,600.00<br>$1,950.00<br>$1,600.00<br>$350.00 | **Amount of 506 Claim after avoidance** (line a minus line f)<br><br>_____<br><br>**Plan Interest Rate** _____<br><br>**EMP by Trustee:**<br><br>_____<br><br>**EMP beginning Month** _____<br><br>**EMP ending Month** _____<br><br>**Projected Total Payment by Trustee:**<br><br>_____ |

Debtor **Eddie B Eskridge, Jr**          Case number _____
       **Veraina Boudreaux-Eskridge**

| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | Column C: Treatment of Remaining 506 Claim |
|---|---|---|
| Lienholder **Cliff's Check Cashing #15**<br><br>Collateral **60" Samsung Television and Stereo**<br><br>☐ Judicial Lien<br>☑ Non-PMSI<br><br>**Lien identification** (if judicial lien, **attach** abstract of judgment.) | a. Amount of lien **$350.00**<br>b. Amount of all other liens **$0.00**<br>c. Value of claimed exemptions **$1,600.00**<br>d. Total of adding lines a, b, and c **$1,950.00**<br>e. Value of debtor's interest in property **$1,600.00**<br>f. Subtract line e from line d. **$350.00**<br><br>Extent of exemption impairment [check applicable box]:<br>☑ **Line f is equal to or greater than line a.** The entire lien is avoided. [Do not complete Column C]<br>☐ **Line f is less than line a.** A portion of the lien is avoided. [Complete Column C] | **Amount of 506 Claim after avoidance** (line a minus line f) _____<br><br>**Plan Interest Rate** _____<br><br>**EMP by Trustee:** _____<br><br>**EMP beginning Month** _____<br><br>**EMP ending Month** _____<br><br>**Projected Total Payment by Trustee:** _____ |
| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | Column C: Treatment of Remaining 506 Claim |
| Lienholder **Cliff's Check Cashing #15**<br><br>Collateral **60" Samsung Television and Stereo**<br><br>☐ Judicial Lien<br>☑ Non-PMSI<br><br>**Lien identification** (if judicial lien, **attach** abstract of judgment.) | a. Amount of lien **$350.00**<br>b. Amount of all other liens **$0.00**<br>c. Value of claimed exemptions **$1,600.00**<br>d. Total of adding lines a, b, and c **$1,950.00**<br>e. Value of debtor's interest in property **$1,600.00**<br>f. Subtract line e from line d. **$350.00**<br><br>Extent of exemption impairment [check applicable box]:<br>☑ **Line f is equal to or greater than line a.** The entire lien is avoided. [Do not complete Column C]<br>☐ **Line f is less than line a.** A portion of the lien is avoided. [Complete Column C] | **Amount of 506 Claim after avoidance** (line a minus line f) _____<br><br>**Plan Interest Rate** _____<br><br>**EMP by Trustee:** _____<br><br>**EMP beginning Month** _____<br><br>**EMP ending Month** _____<br><br>**Projected Total Payment by Trustee:** _____ |

Debtor **Eddie B Eskridge, Jr**                     Case number _____
**Veraina Boudreaux-Eskridge**

| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | | Column C: Treatment of Remaining 506 Claim |
|---|---|---|---|
| **Lienholder** <br> **Cliff's Check Cashing #15** | a. Amount of lien | **$300.00** | **Amount of 506 Claim after avoidance** (line a minus line f) <br> _____ |
| | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1,600.00** | |
| **Collateral** <br> **60" Samsung Television and Stereo** | d. Total of adding lines a, b, and c | **$1,900.00** | **Plan Interest Rate** _____ |
| | e. Value of debtor's interest in property | **$1,600.00** | **EMP by Trustee:** <br> _____ |
| | f. Subtract line e from line d. | **$300.00** | |
| ☐ **Judicial Lien** <br> ☑ **Non-PMSI** | Extent of exemption impairment [check applicable box]: <br> ☑ **Line f is equal to or greater than line a.** The entire lien is avoided. [Do not complete Column C] <br> ☐ **Line f is less than line a.** A portion of the lien is avoided. [Complete Column C] | | **EMP beginning Month** _____ <br><br> **EMP ending Month** _____ <br><br> **Projected Total Payment by Trustee:** _____ |
| **Lien identification** (if judicial lien, **attach** abstract of judgment.) | | | |

| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | | Column C: Treatment of Remaining 506 Claim |
|---|---|---|---|
| **Lienholder** <br> **Cliff's Check Cashing #15** | a. Amount of lien | **$300.00** | **Amount of 506 Claim after avoidance** (line a minus line f) <br> _____ |
| | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1,600.00** | |
| **Collateral** <br> **60" Samsung Television and Stereo** | d. Total of adding lines a, b, and c | **$1,900.00** | **Plan Interest Rate** _____ |
| | e. Value of debtor's interest in property | **$1,600.00** | **EMP by Trustee:** <br> _____ |
| | f. Subtract line e from line d. | **$300.00** | |
| ☐ **Judicial Lien** <br> ☑ **Non-PMSI** | Extent of exemption impairment [check applicable box]: <br> ☑ **Line f is equal to or greater than line a.** The entire lien is avoided. [Do not complete Column C] <br> ☐ **Line f is less than line a.** A portion of the lien is avoided. [Complete Column C] | | **EMP beginning Month** _____ <br><br> **EMP ending Month** _____ <br><br> **Projected Total Payment by Trustee:** _____ |
| **Lien identification** (if judicial lien, **attach** abstract of judgment.) | | | |

Debtor **Eddie B Eskridge, Jr**      Case number _____
**Veraina Boudreaux-Eskridge**

| Column A: Information Regarding Judicial Lien or Security Interest | Column B: Calculation of Lien Avoidance | | Column C: Treatment of Remaining 506 Claim |
|---|---|---|---|
| **Lienholder**<br>**Cliff's Check Cashing #15**<br><br><br>**Collateral**<br>**60" Samsung Television and Stereo**<br><br>☐ **Judicial Lien**<br>☑ **Non-PMSI**<br><br>**Lien identification** (if judicial lien, **attach** abstract of judgment.) | a. Amount of lien | **$300.00** | **Amount of 506 Claim after avoidance** (line a minus line f)<br>_____<br><br>**Plan Interest Rate** _____<br><br>**EMP by Trustee:**<br>_____<br><br>**EMP beginning Month**<br>_____<br><br>**EMP ending Month**<br>_____<br><br>**Projected Total Payment by Trustee:**<br>_____ |
| | b. Amount of all other liens | **$0.00** | |
| | c. Value of claimed exemptions | **$1,600.00** | |
| | d. Total of adding lines a, b, and c | **$1,900.00** | |
| | e. Value of debtor's interest in property | **$1,600.00** | |
| | f. Subtract line e from line d. | **$300.00** | |
| | Extent of exemption impairment [check applicable box]:<br>☑ **Line f is equal to or greater than line a.**<br>The entire lien is avoided. [Do not complete Column C]<br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided. [Complete Column C] | | |

---

**3.10**   **Rule 3012 Valuation of Collateral.**    *[Check one]*

     ☑   **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

---

**3.11**   **Lien Removal Based Upon Unsecured Status.**    *[Check one]*

     ☑   **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

---

**Part 4:**    **Treatment of Administrative Expenses, DSO Claims and Other Priority Claims**

**4.1**   **General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2**   **Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

| Debtor | **Eddie B Eskridge, Jr** | Case number | |
| | **Veraina Boudreaux-Eskridge** | | |

**4.3   Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is   **$3,500.00**   . The amount of   **$1,085.00**   was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1);   ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:** If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4   Priority Claims:  Domestic Support Obligations ("DSO").**   *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5   Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.**   *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6   Priority Claims:  Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.**   *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

---

**Part 5:      Treatment of Nonpriority Unsecured Claims**

**5.1   Specially Classed Unsecured Claims.**      *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2   General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at** _____ ;

☐ **100% + Interest at** _____ **with no future modifications to treatment under this subsection;**

☑ **Pro Rata Share:**   of all funds remaining after payment of all secured, priority, and specially classified claims.

**5.3   Liquidation Analysis:  Unsecured Claims Under Parts 4 and 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately   **$0.00**   . Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

Debtor **Eddie B Eskridge, Jr**      Case number _____
      **Veraina Boudreaux-Eskridge**

| **Part 6:** | **Executory Contracts and Unexpired Leases** |
| --- | --- |

**6.1**    **General Rule - Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED.**
All other executory contracts and unexpired leases of the Debtor are **REJECTED.**

*[Check one.]*

☐   **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

☑   **Assumed Contracts/Leases.** All cure claims arising from the assumption of the following executory contracts or unexpired leases will be treated as specified in § 3.2 of the Plan and must be listed therein in order to be assumed. Otherwise, post-petition installment payments for any assumed executory contract or unexpired lease agreement constitute a direct payment obligation ("DPO") of the Debtor for which the Debtor shall serve as the disbursing agent.

| **Counterparty** | **Description and Required Monthly Payment Amount of Assumed Executory Contract or Leased Property** |
| --- | --- |
| 1.<br>**Progressive Leasing** | **$0.00**<br>**Lease Agreement; Fridge, TV Accessories, Mount and Stand** |

| **Part 7:** | **Vesting of Property of the Estate** |
| --- | --- |

**7.1**    Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

| **Part 8:** | **Nonstandard Plan Provisions** |
| --- | --- |

☑   **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

| **Part 9:** | **Miscellaneous Provisions** |
| --- | --- |

**9.1**    **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**    **Plan Distribution Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3**    **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

Debtor   **Eddie B Eskridge, Jr**           Case number _____
        **Veraina Boudreaux-Eskridge**

| Part 10: | Signatures |
|---|---|

**X** **/s/ Stephen Joseph Modric** _____    Date __02/06/2020__

**Signature of Attorney for Debtor(s)**

**X** **/s/ Eddie B Eskridge, Jr** _____    Date __02/06/2020__

**X** **/s/ Veraina Boudreaux-Eskridge** _____    Date __02/06/2020__

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

| Part 11: | Certificate of Service to Matrix as Currently Constituted by the Court |
|---|---|

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on February 6, 2020:

                                          **/s/ Stephen Joseph Modric** _____
                                          **Stephen Joseph Modric**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:  **Eddie B Eskridge, Jr** _____     CASE NO.
<em>Debtor</em>

**Veraina Boudreaux-Eskridge** _____     CHAPTER   **13**
<em>Joint Debtor</em>

## CERTIFICATE OF SERVICE

_____

   I, the undersigned, hereby certify that on February 6, 2020, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Stephen Joseph Modric** _____
Stephen Joseph Modric
Bar ID:24096420
Allen Stewart, P.C.
1700 Pacific Avenue, Ste. 2750
Dallas, TX 75201
(214) 965-8700

_____

| | | |
|---|---|---|
| Aaron's Sales & Lease<br>xxxxx6640<br>Attn: Bankruptcy<br>PO Box 100039<br>Kennesaw, GA 30156 | Acima Credit<br>xxx4097<br>9815 Monroe Street<br>4th Floor<br>Sandy, UT 84070 | ASHRO<br>xxx-xxx-xxx-3220<br>1112 7th Avenue<br>Monroe, WI 53566 |
| Acceptance Now<br>xxxxxxxxxxxxxxxxxxx1115<br>Attn: Bankruptcy<br>5501 Headquarters Drive<br>Plano, TX 75024 | Ad Astra Recovery<br>xxx9206<br>7330 W 33rd N, Ste 118<br>Wichita, KS 67205 | Attorney General of Texas<br>PO Box 12548<br>Austin, TX 78711 |
| Acceptance Now<br>xxxxxxxxxxxxxxxxxxx0381<br>Attn: Bankruptcy<br>5501 Headquarters Drive<br>Plano, TX 75024 | Ally Financial<br>xxxxxxxx8509<br>Attn: Bankruptcy<br>PO Box 380901<br>Bloomington, MN 55438 | Avant<br>xxx6289<br>222 N. LaSalle St., Suite 1700<br>Chicago, IL 60601 |
| Acceptance Now<br>xxxxxxxxxxxxxxxxxxx1012<br>Attn: Bankruptcy<br>5501 Headquarters Drive<br>Plano, TX 75024 | Ally Financial<br>xxxxxxxx3507<br>Attn: Bankruptcy<br>PO Box 380901<br>Bloomington, MN 55438 | Avant<br>xxx6289<br>Attn: Bankruptcy<br>PO Box 9183380<br>Chicago, IL 60691 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:  **Eddie B Eskridge, Jr**
_____

*Debtor*                              CASE NO.

**Veraina Boudreaux-Eskridge**
_____

*Joint Debtor*                        CHAPTER   **13**

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Baylor Scott White
xxxxx4149
6800 Scenic Drive
Rowlett, TX 75088

Baylor Scott White
xxxxxxxxx2740
6800 Scenic Drive
Rowlett, TX 75088

Capital One Bank Bankruptcy
xxxx-xxxx-xxxx-1496
PO Box 30285
Salt Lake City, Utah  84130-0285

Capital One Bank Bankruptcy
xxxx-xxxx-xxxx-6425
PO Box 30285
Salt Lake City, Utah  84130-0285

Capital One Bank Bankruptcy
xxxx-xxxx-xxxx-4947
PO Box 30285
Salt Lake City, Utah  84130-0285

Carmel Financial Corp
xxxxxx1205
C/O AAM
101 E Carmel Dr, Ste 205
Carmel, IN 46032

CashMax Title & Loan
12209 Lake June Rd #200
Balch Springs, TX 75180

Chase Bank
xxxx7155
P.O. Box 659809
San Antonio, TX 78265

Check Into Cash
xxxx598.7
201 Keith St., Ste 80
Cleveland, TN  37311

Chrysler Capital
xxx7634
PO Box 961275
Fort Worth, TX 76161

Citibank
xxxx-xxxx-xxxx-0035
P.O. Box 6403
Sioux Falls, SD 57117

Citywide Motors
1910 Forest Ln
Garland, TX 75042

Cliff's Check Cashing #15
xx533-7
6932 Greenville Ave
Dallas, TX 75231

Cliff's Check Cashing #15
xx533-6
6932 Greenville Ave
Dallas, TX 75231

Cliff's Check Cashing #15
xx533-5
6932 Greenville Ave
Dallas, TX 75231

Cliff's Check Cashing #15
xx533-4
6932 Greenville Ave
Dallas, TX 75231

Cliff's Check Cashing #15
xx533-3
6932 Greenville Ave
Dallas, TX 75231

Cliff's Check Cashing #15
xx533-2
6932 Greenville Ave
Dallas, TX 75231

Cliff's Check Cashing #15
xx533-1
6932 Greenville Ave
Dallas, TX 75231

Comenity Bank/  Bankruptcy
xxxx9179
PO Box 182789
Columbus, Ohio  43218

Comenity Bank/Jessica London
xxxxx4194
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:   **Eddie B Eskridge, Jr**                                    CASE NO.
_____
                        *Debtor*

     **Veraina Boudreaux-Eskridge**                          CHAPTER    **13**
_____
                    *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

Comenity Bank/Lane Bryant
xxxxxxxxxxxx3762
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

Covington Credit/smc
xxxxx5441
150 Executive Center Drive
Greenville, SC 29615

Credence
xxxxx7387
17000 Dallas Pkwy, Ste 204
Dallas, TX 75248


Commonwealth Finance
xxxx7641
245 Main St
Scranton, PA 18519

Covington Credit/smc
xxxxx3693
150 Executive Center Drive
Greenville, SC 29615

Credit Control LLC
xxxx9179
 5757 Phantom Dr., Ste.330
Hazelwood, MO 63042


Comptroller of Public Accounts
Revenue Account Bankruptcy Sect
PO Box 13528
Austin, TX 78711

Covington Credit/smc
xxxxx0439
150 Executive Center Drive
Greenville, SC 29615

Credit One Bank
xxxx-xxxx-xxxx-9390
P.O. Box 60500
City of Industry, CA 91716-0500


Conn Appliances
xxxxx1170
PO Box 2358
Beaumont, TX 77704

Covington Credit/smc
xxxxx8296
150 Executive Center Drive
Greenville, SC 29615

Credit One Bank
xxxxxxxxxxxx0283
Attn: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193


Covington Credit
xxxx x1829
3413 Broadway Blvd Suite 101b
Garland, TX 75043

Covington Credit/smc
xxxxx6971
150 Executive Center Drive
Greenville, SC 29615

Credit One Bank
xxxxxxxxxxxx9390
Attn: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193


Covington Credit
xxxxx6620
150 Executive Center Drive
Greenville, SC 29615

Covington Credit/smc
xxxxx3850
150 Executive Center Drive
Greenville, SC 29615

Crescent Bank & Trust, Inc.
xxxxxxxxxxx0001
Attn: Bankruptcy
PO Box 61813
New Orleans, LA 70161


Covington Credit/smc
xxxxx1807
150 Executive Center Drive
Greenville, SC 29615

Covington Credit/smc
xxxxx5073
150 Executive Center Drive
Greenville, SC 29615

Daimler Truck Financia
xxxxxxxxx9000
13650 Heritage Pkwy
Fort Worth, TX 76177

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:   **Eddie B Eskridge, Jr**                                              CASE NO.
_____
                              *Debtor*

**Veraina Boudreaux-Eskridge**                              CHAPTER   **13**
_____
                           *Joint Debtor*

## CERTIFICATE OF SERVICE
### (Continuation Sheet #3)

---

Dallas Property Tax Office
xxxxxxxxxxxxx0000
PO Box 139066
Dallas, TX 75313

Discover Bankruptcy
xxxx-xxxx-xxxx-4236
PO Box 3025
New Albany, OH 43054

ECMC
xxxxxxxxxxx3199
Attn: Bankruptcy
111 Washington Ave South, Ste 1400
Minneapolis, MN 55401

Dallas Regional Medical Center
xxxxxxxx7103
1011 N. Galloway
Mesquite, TX  75149

Discover Bankruptcy
xxxx6904
PO Box 3025
New Albany, OH 43054

Eddie B Eskridge, Jr
4414 S Country Club Rd
Garland, TX 75043

Dept Of Ed/582/nelnet
xxxxxxxxxxx2199
Attn: Bankruptcy Department
3015 Parker Blvd., Suite 400
Aurora, CO 80014

Discover Financial Services
xxxx-xxxx-xxxx-9616
PO Box 15316
Wilmington, DE 19850

FedLoan Servicing
xxxxxxxxxxxxx0002
PO Box 69184
Harrisburg, PA 17106

Dept Of Ed/582/nelnet
xxxxxxxxxxx2499
Attn: Bankruptcy Department
3015 Parker Blvd., Suite 400
Aurora, CO 80014

Dynamic Recovery Solutions
xxxxx4885
PO Box 25759
Greenville, SC 29616

Financial Corp of America
xxxxxxx4.LLR
12515 Research Blvd. S-100
Austin, TX 78759

Dept Of Ed/582/nelnet
xxxxxxxxxxx2299
Attn: Bankruptcy Department
3015 Parker Blvd., Suite 400
Aurora, CO 80014

ECMC
xxxxxx1761
Attn: Bankruptcy
111 Washington Ave South, Ste 1400
Minneapolis, MN 55401

Fingerhut
xxxx-xxxx-xxxx-9168
PO Box 70281
Philadelphia, PA 19176

Dept Of Ed/582/nelnet
xxxxxxxxxxx2399
Attn: Bankruptcy Department
3015 Parker Blvd., Suite 400
Aurora, CO 80014

ECMC
xxxxxx1981
Attn: Bankruptcy
111 Washington Ave South, Ste 1400
Minneapolis, MN 55401

Fingerhut
xxxxxxxxxxxx6348
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395

DirecTV - AT&T
xxxx5115
PO Box 6550
Greenwood Village, CO 80150

ECMC
xxxxxxxxxxx3099
Attn: Bankruptcy
111 Washington Ave South, Ste 1400
Minneapolis, MN 55401

Fingerhut
xxxxxxxxxxx9168
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:    **Eddie B Eskridge, Jr**
_____
                        _Debtor_

CASE NO.

**Veraina Boudreaux-Eskridge**
_____
                    _Joint Debtor_

CHAPTER    **13**

## CERTIFICATE OF SERVICE
(Continuation Sheet #4)

| | | |
|---|---|---|
| Fingerhut<br>xxxxxxxxxxxx2908<br>Attn: Bankruptcy<br>PO Box 1250<br>Saint Cloud, MN 56395 | Gold Star Finance, Inc.<br>xxxxxxx3073<br>610 W Main St<br>Denison, TX 75020 | Integrity Texas Funding LP<br>xxx-x5172<br>84 Villa Rd<br>Greenville, SC 29615 |
| Fingerhut<br>xxxxxxxxxxxx9894<br>Attn: Bankruptcy<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303 | Great Lakes<br>xxxxx8581<br>Attn: Bankruptcy<br>PO Box 7860<br>Madison, WI 53707 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101 |
| First Premier Bank<br>xxxx-xxxx-xxxx-8972<br>PO Box 5523<br>Sioux Falls, SD 57117-5523 | Great Lakes<br>xxxxx9581<br>Attn: Bankruptcy<br>PO Box 7860<br>Madison, WI 53707 | Jefferson Capital Systems, LLC<br>xxxxxxxxx2003<br>PO Box 1999<br>Saint Cloud, MN 56302 |
| First Premier Bankruptcy Dept<br>xxxx-xxxx-xxxx-8972<br>PO Box 5524<br>Sioux Falls, SD 57117 | Guild Mortgage<br>xxx.xxx0982<br>PO Box 85046<br>San Diego, CA 92186 | Justice Finance<br>x2311<br>149 W. Kingsley #210<br>Garland, TX 75041 |
| Freedom Debt Relief LLC<br>4940 S. Wendler Dr.,<br>Tempe, AZ 85282 | Integrity Texas Funding LP<br>xxx-x3509<br>84 Villa Rd<br>Greenville, SC 29615 | Justice Finance Compan<br>xxxxxxx0001<br>Po Box 3970<br>Dallas, TX 75208 |
| Freedom Truck Finance<br>1540<br>12221 Merit Drive<br>Dallas, TX 75251 | Integrity Texas Funding LP<br>xxx-x0139<br>84 Villa Rd<br>Greenville, SC 29615 | Justice Finance Compan<br>xxxxxxx1010<br>Po Box 3970<br>Dallas, TX 75208 |
| Gold Star Finance, Inc.<br>xxxxxxx2429<br>610 W Main St<br>Denison, TX 75020 | Integrity Texas Funding LP<br>xxx-x8034<br>84 Villa Rd<br>Greenville, SC 29615 | Justice Finance Compan<br>xxxxxxx1008<br>Po Box 3970<br>Dallas, TX 75208 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:  **Eddie B Eskridge, Jr**
_____          CASE NO.
*Debtor*

**Veraina Boudreaux-Eskridge**
_____          CHAPTER   **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #5)

---

Justice Finance Compan
xxxxxxx1007
Po Box 3970
Dallas, TX 75208

LVNV Funding/Resurgent Capital
xxxx-xxxx-xxxx-0283
PO Box 10497
Greenville, SC 29603

Macy's Dept Store National Bank
xxxx-xxxx-xxxx-8031
9111 Duke Boulevard
Mason, OH 45040


Justice Finance Compan
xxxxxxx1009
Po Box 3970
Dallas, TX 75208

LVNV Funding/Resurgent Capital
xxxxxxxxxxxxxx3762
PO Box 10497
Greenville, SC 29603

Mariner Finance, LLC
xxxxxxxx2917
Attn: Bankruptcy
8211 Town Center Drive
Nottingham, MD 21236


Justice Finance Company
xxxxxxx1011
PO Box 3970
Dallas, TX 75208

LVNV Funding/Resurgent Capital
xxx6289
PO Box 10497
Greenville, SC 29603

Mariner Finance, LLC
xxxxxxxx2414
Attn: Bankruptcy
8211 Town Center Drive
Nottingham, MD 21236


Kimmel & Silverman PC
30 E. Butler Pike
Ambler, PA 19002

LVNV Funding/Resurgent Capital
xxxx-xxxx-xxxx-6348
PO Box 10497
Greenville, SC 29603

Mariner Finance, LLC
xxxxxxxx7712
Attn: Bankruptcy
8211 Town Center Drive
Nottingham, MD 21236


Landstar Inway, Inc
xxx2176
13410 Sutton Park Drive South
Jacksonville, FL 32224

M.A.J.R. Financial Corporation
xxxx2574
7951 West Mississippi Avenue
Suite B
Lakewood, CO 80226

Mariner Finance, LLC
xxxxxxxx5214
8211 Town Center Drive
Nottingham, MD 21236


Linebarger Goggan & Sampson, LLP
xxx.xxxxx4.005
900 Arion Parkway, Ste 104
San Antonio, TX 78216

M.A.J.R. Financial Corporation
xxxx2832
7951 West Mississippi Avenue
Suite B
Lakewood, CO 80226

Merrick Bank
xxxx-xxxx-xxxx-3126
PO Box 660702
Dallas, TX 75266


Linebarger Goggan Blair
2777 N Stemmons Frwy, Ste 1000
Dallas, TX 75207

Macy's Bankruptcy
xxxx8031
PO Box 8053
Mason, OH 45040

Merrick Bank/ CardWorks
xxxx-xxxx-xxxx-3126
PO Box 9201
Old Bethpage, NY 11804

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:   **Eddie B Eskridge, Jr**                                   CASE NO.
_____
*Debtor*

**Veraina Boudreaux-Eskridge**                              CHAPTER   **13**
_____
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #6)

---

Merrick Bank/ CardWorks
xxxx-xxxx-xxxx-4506
PO Box 9201
Old Bethpage, NY 11804

Navient
xxxxxxxxxxxxxxxxxxx0322
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

Nebraska Furniture Mart
xxxx0732
PO Box 2335
Omaha, NE 68103

Metro Management Services
xxxxxx0666
PO Box 650823
Dallas, TX 75265

Navient
xxxxxxxxxxxxxxxxxxx0525
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

Northstar Location Services, LLC
xxxx4236
4285 Genesee St
Cheektowaga, NY 14225

Midland Credit Management
xxxxx6739
PO Box 301030
Los Angeles, CA 90030

Navient
xxxxxxxxxxxxxxxxxxx1110
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

OneMain Financial
xxxx-xxxx-xxxx-6517
PO Box 3251
Evansville, IN 47731

MOHELA
xxxxxxxxxxxxxx0017
Attn: Bankruptcy
633 Spirit Drive
Chesterfield, MO 63005

Navient
xxxxxxxxxxxxxxxxxxx0804
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

Pendrick Capital Partners
xx8457
1714 Hollinwood Dr
Belleview, VA 22307-1926

MOHELA
xxxxxxxxxxxxxx0016
Attn: Bankruptcy
633 Spirit Drive
Chesterfield, MO 63005

Navient
xxxxxxxxxxxxxxxxxxx1223
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

Pentagon FCU/PenFed Credit Union
xxxx3416
PO Box 247009
Omaha, NE 68124

MOHELA
xxxxxxxxxxxxxx0015
Attn: Bankruptcy
633 Spirit Drive
Chesterfield, MO 63005

Navient Solutions Inc
xxxxxxxxxxxxxxxxxxx1110
Attn: Bankruptcy
PO Box 9500
Wilkes-Barr, PA 18773

Pentagon Federal Cr Un
xxxx1914
Attention: Bankruptcy
PO Box 1432
Alexandra, VA 22314

Navient
xxxxxxxxxxxxxxxxxxx0628
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

Navient Solutions Inc
xxxxxxxxxxxxxxxxxxx0804
Attn: Bankruptcy
PO Box 9500
Wilkes-Barr, PA 18773

Pentagon Federal Cr Un
xxxx0554
Attention: Bankruptcy
PO Box 1432
Alexandra, VA 22314

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:   **Eddie B Eskridge, Jr**                                    CASE NO.
_____
                       *Debtor*

**Veraina Boudreaux-Eskridge**                       CHAPTER   **13**
_____
                  *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #7)

| | | |
|---|---|---|
| Pentagon Federal Cr Un<br>xxxx0845<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxxx2704<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx8052<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 |
| Pentagon Federal Cr Un<br>xxxx4109<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx7754<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | PHH Mortgage Services<br>xxxxx1222<br>Attn: Research/Bankruptcy<br>1661 Worthington Rd   Ste 100<br>West Palm Beach, FL 33409 |
| Pentagon Federal Cr Un<br>xxxx7984<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx1510<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | QVC Inc<br>xxx-xx-2176<br>1200 Wilson Dr<br>West Chester, PA 19380 |
| Pentagon Federal Cr Un<br>xxxxx2455<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx3415<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Radius Global Solutions LLC<br>xxx.xxxxx3296<br>P.O. Box 390905<br>Minneapolis, MN 55439 |
| Pentagon Federal Cr Un<br>xxxxx4029<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx6548<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Ray Hubbard Emerg Physicians<br>xxxxxxx7969<br>P.O. Box 8097<br>Philadelphia, PA 19101-8097 |
| Pentagon Federal Cr Un<br>xxxxx4867<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx6944<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Ray Hubbard Emerg Physicians<br>xxxxx3236<br>P.O. Box 8097<br>Philadelphia, PA 19101-8097 |
| Pentagon Federal Cr Un<br>xxxx9643<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Pentagon Federal Cr Un<br>xxxx2351<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 | Regional Acceptance Co<br>xxxxxxx5301<br>Attn: Bankruptcy<br>PO Box 1487<br>Wilson, NC 27894 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:   **Eddie B Eskridge, Jr**                                    CASE NO.

_____

*Debtor*

**Veraina Boudreaux-Eskridge**                              CHAPTER   **13**

_____

*Joint Debtor*

## CERTIFICATE OF SERVICE
### (Continuation Sheet #8)

---

| | | |
|---|---|---|
| Regional Fin<br>xxxxxx2282<br>3465 West Walnut Street<br>Garland, TX 75042 | Regional Finance<br>3465 W. Walnut St. Suite 107<br>Garland, TX 75042 | Republic Finance<br>xxx/xxxx/x0051<br>9824 Lakeview Pkwy, Ste 200<br>Rowlett, TX 75088 |
| Regional Fin<br>xxxxx0957<br>3465 West Walnut Street<br>Garland, TX 75042 | Regional Finance<br>xxxxxx3073<br>3465 West Walnut Street<br>Garland, TX 75042 | Republic Finance LLC<br>xxxxxxxxx0008<br>9824 lakeview Parkway, Ste 200<br>Rowlett, TX 75088 |
| Regional Fin<br>xxxxxxx0301<br>3465 West Walnut Street<br>Garland, TX 75042 | Regional Finance #53<br>xxxxxxx0101<br>3115 S. 1st Street<br>Garland, TX 75041 | Republic Finance LLC<br>xxxxxxxxx0051<br>9824 lakeview Parkway, Ste 200<br>Rowlett, TX 75088 |
| Regional Fin<br>xxxxxxx0601<br>3465 West Walnut Street<br>Garland, TX 75042 | Regional Finance #53<br>xxxxxxx8101<br>3115 S. 1st Street<br>Garland, TX 75041 | Resurgent Capital Services<br>xxxxx1502<br>PO Box 10465<br>Greenville, SC 29603 |
| Regional Fin<br>xxxxxxx7501<br>3465 West Walnut Street<br>Garland, TX 75042 | Regional Finance #53<br>xxxxxxx3701<br>3115 S. 1st Street<br>Garland, TX 75041 | Sam's Appliances & Furniture<br>xx2365<br>Attn: Bankruptcy<br>5050 East Belknap Street<br>Haltom City, TX 76117 |
| Regional Fin<br>xxxxxxx6601<br>3465 West Walnut Street<br>Garland, TX 75042 | Regional Finance #53<br>xxxxxxx0401<br>3115 S. 1st Street<br>Garland, TX 75041 | Sam's Appliances & Furniture<br>xxxxx3114<br>Attn: Bankruptcy<br>5050 East Belknap Street<br>Haltom City, TX 76117 |
| Regional Fin<br>xxxxxxx2101<br>3465 West Walnut Street<br>Garland, TX 75042 | Republic Finance<br>xxxx/x0008<br>9824 Lakeview Pkwy, Ste 200<br>Rowlett, TX 75088 | Sam's Appliances & Furniture<br>xx6382<br>Attn: Bankruptcy<br>5050 East Belknap Street<br>Haltom City, TX 76117 |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:  **Eddie B Eskridge, Jr**                                      CASE NO.
_____
*Debtor*

**Veraina Boudreaux-Eskridge**                          CHAPTER   **13**
_____
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #9)

---

Sam's Appliances & Furniture
xx6383
Attn: Bankruptcy
5050 East Belknap Street
Haltom City, TX 76117

Spot Loan
P.O. Box 720
Belcourt, ND 58316

Synchrony Bank/Walmart
xxxxxxxx0681
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896

Sam's Appliances & Furniture
xxxxx8721
5050 East Belknap Street
Haltom City, TX 76117

Sun Loan Company #37
413
1005 S Josey Lane
Carrollton, TX 75006

Synchrony Bank/Walmart
xxxxxxxxxxxx7307
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896

Sams Club/ Synchrony Bk
xxxx-xxxx-xxxx-1584
PO Box 530942
Atlanta, GA 30353

Syncb/hhgreg
xxxxxxxxxxxx9791
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Texan Credit
xxxxxxxxxxxxxx9365
Po Box 130
Timpson, TX 75975

Seventh Avenue
1112 7th Avenue
Monroe, WI 53566-1364

Synchrony Bank (Bankruptcy)
xxxx-xxxx-xxxx-9791
PO Box 960061
Orlando, FL 32896

Texan Credit
xxxxxxxxxxxxxx8870
Po Box 130
Timpson, TX 75975

Sherman Originator, LLC
xxx6289
c/o Resurgent Capital Svcs, LP
55 Beattie Place, Ste. 110
Greenville, SC 29601

Synchrony Bank (Bankruptcy)
xxxx6406
PO Box 965005
Orlando, FL 32896

Texan Credit
xxxxxxxxxxxxxx8461
Po Box 130
Timpson, TX 75975

Speedpay, Inc.
199 Water Street, 29th Fl
New York, NY 10038

Synchrony Bank/ Chevron
xxxxxxxxxxxx4913
PO Box 965060
Orlando, FL 32896

Texan Credit
xxxxxxxxxxxxxx0102
Po Box 130
Timpson, TX 75975

Speedycash
3422 W Walnut St
Garland, TX 75042

Synchrony Bank/Sams
xxxxxxxxxxxx1584
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Texan Credit
xxxxxxxxxxxxxx9810
Po Box 130
Timpson, TX 75975

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:   **Eddie B Eskridge, Jr**                                    CASE NO.

_____
*Debtor*

**Veraina Boudreaux-Eskridge**                          CHAPTER   **13**
_____
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #10)

---

The Bureaus Inc
xxxxx3419
650 Dundee Rd, Ste 370
Northbrook, IL 60062

Walmart /Synchrony Bank
xxxx3708
P.O. Box 960024
Orlando, FL 32896

World Finance Corp
7009
1336 N. Galloway Ave, Ste. 128
Mesquite, TX 75149


Toledo Fin
xxxxxxxx9318
2601 Gus Thomasson
Mesquite, TX 75150

Wells Fargo Bank
xxxxxxxxxxxx6114
Attn: Bankruptcy
PO Box 10438
Des Moines, IA 50306

World Finance Corp
xxxxxxx6301
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606


Toledo Finance
xxxxxxxx9767
2601 Gus Thomasson
Mesquite, TX 75150

World Acceptance/Finance Corp
xxxxxxx5501
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606

World Finance Corp/World Acceptance
xxxxxxxx7801
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606


TXU/Texas Energy
xxxxxxxxxxxx0897
PO Box 650393
Dallas, TX 75265

World Acceptance/Finance Corp
xxxxxxx0301
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606

World Finance Corp/World Acceptance
xxxxxxxx9301
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606


USDOE/GLELSI
xxxxxxxxxxxx9581
Attn: Bankruptcy
PO Box 7860
Madison, WI 53707

World Acceptance/Finance Corp
xxxxxxx6101
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606

World Finance Corp/World Acceptance
xxxxxxxx3101
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606


USDOE/GLELSI
xxxxxxxxxxxx8581
Attn: Bankruptcy
PO Box 7860
Madison, WI 53707

World Finance Corp
5896
1336 N. Galloway Ave, Ste. 128
Mesquite, TX 75149

World Finance Corp/World Acceptance
xxxxxxxx0001
Attn: Bankruptcy
PO Box 6429
Greenville, SC 29606


Walmart /Synchrony Bank
xxxx-xxxx-xxxx-7307
P.O. Box 960024
Orlando, FL 32896

World Finance Corp
5031
1336 N. Galloway Ave, Ste. 128
Mesquite, TX 75149

World Finance Corp/World Acceptance
xxxxxxxx0901
1336 N Galloway Ave, Ste 128
Mesquite, TX 75149